No. 04-448

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 161N

JAMES LEARY,

   Plaintiff and Respondent,

  v.

U.S. BANCORP PIPER JAFFRAY, INC.,
THOMAS J. O'NEILL, ROBERT ENGLISH and JOHN DOES I through X,

   Defendants and Appellants.

APPEAL FROM:  District Court of the Second Judicial District,
        In and for the County of Silver Bow, Cause No. DV 2002-91
        The Honorable Kurt D. Krueger, Judge presiding.

COUNSEL OF RECORD:

   For Appellants:

      Stanley T. Kaleczyc, Brand G. Boyar, Browning, Kaleczyc, Berry & Hoven,
      P.C., Helena, Montana; John S. Lutz, Fairfield and Woods, P.C., Denver,
      Colorado

   For Respondent:

      Tina L. Morin, Esq., Poore, Roth & Robinson, P.C., Butte, Montana

             Submitted on Briefs: April 26, 2005

                Decided: June 28, 2005

Filed:

_____
          Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     U.S. Bancorp Piper Jaffray, Inc., and Robert English (collectively, "Piper"), appeal an Order of the District Court for the Second Judicial District, Silver Bow County. Defendant Thomas J. O'Neill ("O'Neill") is a former Piper employee and is not a party to this appeal. The District Court denied Piper's motion to compel arbitration of claims filed against Piper by James Leary ("Leary"). We affirm.

¶3     This case is one of twenty-three different lawsuits filed by individual investors of Piper involving the alleged mismanagement of the investors' accounts in Piper's branch office in Butte. The facts behind this particular action are that Leary was an unsophisticated investor who relied on O'Neill, his investment advisor, to explain the significant features of his investment accounts. When Leary opened an investment account with his wife in 1998, O'Neill presented Leary with a PAT Plus Account Agreement containing, among other provisions, a clause compelling arbitration and a clause granting Piper broad discretion to purchase and sell account assets without Leary's authorization. Leary signed the agreement as directed by O'Neill. Leary later opened a second IRA account which also contained an arbitration provision similar to the PAT Plus Account Agreement's provision. O'Neill did

2

not explain any of the features of the account agreements to Leary, not did anyone at Piper explain to Leary that the agreements contained an arbitration provision. Leary was not informed that by signing the account forms, he was waiving his right to access the state's courts to settle any disputes with Piper.

¶4 These facts and the issues arising from them are substantially identical to those presented in *Willems v. U.S. Bancorp Piper Jaffray, Inc.*, 2005 MT 37, ¶ 22, 326 Mont. 103, ¶ 22, 107 P.3d 465, ¶ 22, in which we held that a clause in a PAT Plus Account Agreement granting Piper broad discretion over an investor's holdings creates a fiduciary duty. *Willems* further held that because of the fiduciary duty, Piper was obligated to advise the investor of the consequences of the arbitration clause prior to the formation of the contract, and that because Piper did not, the arbitration clause was unenforceable. *Willems*, ¶¶ 25, 28.

¶5 We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.

¶6 We conclude that, in light of *Willems*, this case is clearly controlled by settled Montana law. Therefore, we affirm the District Court's conclusion that Piper owed a fiduciary duty to explain the arbitration provision to Leary, that it breached that duty, and therefore, the pre-dispute arbitration provisions are unenforceable.

/S/ PATRICIA O. COTTER

We Concur:

3

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ JIM RICE